## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**February 7, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **T.D. and X.A.**

**No. 19-0571** (Taylor County 18-JA-84 and 18-JA-132)

## MEMORANDUM DECISION

Petitioner Father T.A., by counsel Aaron P. Yoho, appeals the Circuit Court of Taylor County's May 16, 2019, order terminating his parental rights to T.D. and X.A.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Terri L. Tichenor, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues the circuit court erred in terminating his parental rights and imposing a protective order rather than utilizing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2018, the DHHR filed a child abuse and neglect petition alleging that petitioner was the father of newborn T.D. The DHHR alleged that the child was born after petitioner was convicted of possession of a controlled substance with the intent to deliver and sentenced to a one-to-five-year term of incarceration. The DHHR further alleged that, during petitioner's criminal case, he demonstrated an addiction to illegal substances and did not participate in treatment of his addiction. Additionally, the DHHR alleged that petitioner failed to provide financial and emotional support for the child. The DHHR amended the petition in November of 2018 to include petitioner's other child, X.A., and that child's mother as respondents. The DHHR alleged that petitioner

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

engaged in domestic violence with X.A.'s mother and had previously threatened to set fire to her home and strike her with a baseball bat.

The circuit court held adjudicatory hearings in November of 2018 and February of 2019. The court heard testimony from X.A.'s mother that petitioner threatened her during their relationship and that she was granted a domestic violence protective order against him. Further, the mother testified that she suspected petitioner was abusing controlled substances during their relationship and that he was angry and rude when "coming down" from his substance use. T.D.'s mother testified that petitioner would scream and yell at her as well. Specifically, she testified that petitioner punched a hole in her closet door when she ended their relationship. Petitioner testified and denied any physical domestic violence with either of his children's mothers. However, petitioner admitted that his drug and alcohol use contributed to his relationship problems. Petitioner further testified that he was indicted in January of 2019 for possession of a controlled substance with the intent to deliver and was given an opportunity to participate in a substance abuse treatment program. However, petitioner abandoned the program prior to completion.

Ultimately, the circuit court found that petitioner's drug and alcohol addiction prevented him from parenting effectively and that his voluntary failure to address his addiction caused his incarceration, which prevented his contact with the children. Further, the circuit court found that the domestic violence he perpetrated upon the mothers risked the safety of the children while in his custody. Although the circuit court acknowledged petitioner's attempts to admit to some of the allegations in the petition, it noted that petitioner continued to deny the domestic violence despite the credible testimonies of both mothers and the domestic violence protective order issued in the Family Court of Roane County, West Virginia. Accordingly, the circuit court adjudicated petitioner as an abusing parent.

In March of 2019, the circuit court held the final dispositional hearing. Petitioner continued to deny that he threatened to set fire to X.A.'s home and denied ever threatening X.A.'s mother. Petitioner asserted that he could soon be paroled and would seek substance abuse treatment upon release. The circuit court found that petitioner provided incredible testimony that was contrary to its prior findings and the credible testimony of X.A.'s mother. Because petitioner "continue[d] to deny the heart of the allegations" of domestic violence, the circuit court found that no services could be offered to him to correct the conditions of abuse and neglect. The court terminated petitioner's parental rights upon findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that it was in the children's best interests to terminate his rights. Further, the circuit court granted a protective order against petitioner and ordered that he have no contact, direct or indirect, with X.A., T.D., or their respective mothers. The circuit court's decision was memorialized by its May 16, 2019, order. Petitioner now appeals that order.[2]

The Court has previously held as follows:

---

[2]T.D.'s mother completed an improvement period, and the child achieved permanency in her custody. X.A.'s mother was a nonabusing parent, and the child has achieved permanency in her custody.

2

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating his parental rights when a less-restrictive alternative to termination was more appropriate. Petitioner asserts that the main cause of his abuse and neglect to his children was his addiction to controlled substances and alcohol, which led to his severe mood swings and domestic violence against the mothers of his children. Petitioner asserts that disposition under West Virginia Code § 49-4-604(b)(5), which permits the appointment of a legal guardian for the children rather than termination of parental rights, was more appropriate in this case. However, this Court has previously held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). In this case, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future. Notably, petitioner does not challenge this finding on appeal. The circuit court found that petitioner engaged in domestic violence against the children's mothers based upon their testimony.[3] Petitioner's continued denial of these findings created a barrier to the treatment of the issues that gave rise to the petition, which the circuit court properly considered. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) ("Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect . . . results in making the problem untreatable. . . ."). Further, petitioner blamed his behavior

---

[3]"A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997).

on his substance abuse. Yet, when petitioner was offered an opportunity for treatment in lieu of incarceration, the record shows that he did not follow through with treatment. Because we find that the circuit court's conclusion that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected is supported by the record and is not clearly erroneous, the termination of petitioner's parental rights was warranted. Therefore, petitioner is entitled to no relief on appeal.

Petitioner also argues that the circuit court erred in imposing a protective order because "no physical or tangible" evidence was introduced regarding domestic violence between petitioner and the children's mothers. However, the circuit court heard testimony from the mothers that petitioner was verbally abusive to them, threatened their lives, and committed violent acts in their presence, such as throwing his cellphone and punching a hole in a closet door. As noted above, the circuit court found this testimony credible and adjudicated petitioner as an abusing parent on the basis of that evidence. Importantly, at the adjudicatory hearing, the circuit court found by clear and convincing evidence that "[t]he domestic violence perpetrated by [petitioner] prevents the safety of the children with him, as both of the mothers are victims of his violence." *See* W. Va. Code § 49-4-601(i) ("The findings [as to whether the child is abused or neglected and whether the respondent is an abusing parent] must be based upon conditions existing at the time of the filing of the petition and proven by clear and convincing evidence."). Contrary to petitioner's argument that the evidence presented did not support the imposition of a protective order, a court "shall enter a protective order if it finds, after hearing the evidence, that [the moving party] has proved the allegations of domestic violence by a *preponderance of the evidence*." W. Va. Code § 48-27-501(a) (emphasis added). Thus, considering the circuit court in this case found the allegations of domestic violence were proven by clear and convincing evidence, rather than a mere preponderance of the evidence, we find no merit to petitioner's assertion that insufficient evidence was presented for the imposition of this protective order.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 16, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4